IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **PATRICK C. HILMERS, JR.,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-93 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Patrick C. Hilmers, Jr. ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion to Dismiss. Dkt. No. 11. Having considered the motion, record and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED as time-barred.

**Background**

Petitioner pled guilty to arson on May 18, 2001. Dkt. No. 1 at 2. The trial court sentenced Petitioner to thirty years in prison. *Id.* Petitioner never filed a direct appeal. On February 8, 2007, Petitioner filed a state habeas petition. *Id.* at 3. On July 11, 2007, the Texas Court of Criminal Appeals denied the petition without written order. *Id.* at 4. Petitioner indicates that he placed the instant petition in the prison mail on October 22, 2007. *Id.* at 9.

**Claims**

Petitioner presents three grounds for relief:

1

1. There was no evidence to support the conviction on which his sentence enhancement was predicated;

2. Trial counsel failed to investigate Petitioner's mental state; and

3. There was an actual conflict of interest between Petitioner and his trial counsel.

## Statute of Limitations

The limitations period on applications for habeas corpus relief is as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## Analysis

The Court must first determine when the judgment against Petitioner became final. Petitioner had thirty days from the date his sentence was imposed to file an appeal. TEX. R. APP. P. 26.2(a)(1). Since Petitioner was sentenced on May 18, 2001, he had until, at latest, June 18, 2001

2

(June 17, 2001 being a Sunday) to file his appeal.  Thus, per section 2244(d)(1)(A), Petitioner had until June 18, 2002 to file his federal habeas petition.  Because even Petitioner's *state* habeas petition was not filed until 2007, Petitioner clearly falls outside the one-year limitation period.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable.  Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED.  The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 9th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE